HAROLD GABRIEL & others *vs.* MAYOR OF FITCHBURG & another.[1] August 30, 1982. This appeal involves the validity of an ordinance of the city of Fitchburg which was passed by the city council over the veto of the mayor. The ordinance, § 16-26 of the General Ordinances of the city, as amended in 1979, provides that the "chief of police, at the request of the city solicitor, with the approval of the City Council, shall designate an officer of the police department to assist the city solicitor" in investigative work.

In March, 1979, an officer satisfactory to the mayor was assigned to the city solicitor's office. After that officer had been promoted, the chief of police reassigned him, but the mayor ordered that he remain in the city solicitor's office. Thereupon ten taxpayers (nine members of the city council and the chief of police) sought a declaration pursuant to G. L. c. 43B, § 14(2), and G. L. c. 231A that the ordinance was valid. A judgment entered in the Superior Court to that effect.

At trial the parties stipulated that Fitchburg is a Plan B city[2] and has not adopted either G. L. c. 41, § 97 or § 97A.[3] As stated in *Duggan* v. *Third Dist. Court of E. Middlesex*, 298 Mass. 274, 280 (1937), "Under Plan B the mayor is described as the chief executive officer of the city and has the power of appointing the heads of the departments and certain other principal officials (§ 60), and has the specific power to remove the same (§ 61). The plan is silent as to any specific power which he may have to remove subordinate officers who are under the charge of the heads of various departments."

The question before us is whether the city council may by ordinance determine that the chief of police has the power of assignment here in issue. The city council of any city adopting any of the plans provided for in G. L. c. 43 may by ordinance "consistent with general laws" reorganize any executive and administrative department. G. L. c. 43, § 5. That section gives the city council authority to define by ordinance the powers and duties of the officers and employees of the city. See also G. L. c. 43, § 3; note 2, *supra*; *Duggan* v. *Third Dist. Court of E. Middlesex, supra* at 281-282; *Thibeault* v. *Chief of Police of Fitchburg*, 5 Mass. App. Ct. 360, 364 (1977). Cf. *Chief of Police of Medford* v. *City Manager of Medford*, 11 Mass. App. Ct. 415, 420-421 & n.5 (1981).

The mayor argues that the ordinance, § 16-26, is an attempt to modify the charter by derogating from his powers. The only charter provision

---

[1] City of Fitchburg.

[2] General Laws c. 43, §§ 56-63, sets out the charter provisions for a Plan B city.

[3] Since the city of Fitchburg has not adopted either provision, it has "the alternatives of . . . a 'strong' chief of police, a 'weak' chief of police or no chief of police at all." *Thibeault* v. *Chief of Police of Fitchburg*, 5 Mass. App. Ct. 360, 362 n.4 (1977), quoting from *Chief of Police of Westford* v. *Westford*, 365 Mass. 526, 531 (1974).

cited by the mayor is G. L. c. 43, § 58, which provides that the mayor "shall be the chief executive officer of the city." Contrary to the mayor's contention, that provision does not establish that it is "inherent in the mayor's power of supervision that he can appoint and remove subordinate officers and employees of the various departments over which he has supervision," *Sherriff* v. *Mayor of Revere*, 355 Mass. 133, 136 (1969), or that he has inherent power to designate which police officer shall perform a certain duty. The mayor has not cited any other provision of the General Laws which precludes the city council from passing an ordinance giving the police chief authority to designate the officer to assist the city solicitor, nor has he shown any other reason why the ordinance should be declared invalid.

*Judgment affirmed.*

*Timothy S. Hillman*, City Solicitor, for the defendants.
*Thomas F. McEvilly* for the plaintiffs.